UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| KATRINA QUEEN *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 10-2017 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 36 |
| | : | | |
| JANET SCHMIDT *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

This case stems from a dispute over the administration of a trust. The plaintiffs, a group of former trustees to the estate of Elberta Douglass, allege that defendant Janet Schmidt acted improperly by amending the trust so that defendants Mark Cera and Bonnie Miller would be appointed as trustees in the plaintiffs' stead. *See generally* Notice of Removal, Ex. 1 ("Compl.") ¶¶ 9-16. The plaintiffs originally brought suit against defendants Schmidt, Cera and Miller in the Superior Court of the District of Columbia, and the defendants removed to this court. *See generally* Notice of Removal. This matter is currently before the court on the plaintiffs' motion to remand. *See generally* Pls.' Mot. to Remand.

Courts must strictly construe removal statutes. *Williams v. Howard Univ.*, 984 F. Supp. 27, 29 (D.D.C. 1997) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941)). The court must resolve any ambiguities concerning the propriety of removal in favor of remand. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Nwachukwu v. Karl*, 223 F. Supp. 2d 60, 66 (D.D.C. 2002). If a lack of subject-matter jurisdiction becomes apparent at any point prior to final judgment, the removal court must remand the case to the state court from which the defendants originally removed the case. 28 U.S.C. § 1447(c). In the event that the federal court lacks subject matter jurisdiction, remand is mandatory. *Republic of Venez. v.*

*Philip Morris, Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002); *Johnson-Brown v. 2200 M St. LLC*, 257 F. Supp. 2d 175, 177-78 (D.D.C. 2003). When the plaintiff files a motion to remand, the defendant bears the burden of proving federal jurisdiction. *Kokkonen v. Guardian Live Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Nat'l Org. for Women v. Mut. of Omaha Ins. Co.*, 612 F. Supp. 100, 101 (D.D.C. 1985).

The plaintiffs argue that this court lacks subject matter jurisdiction because this matter may interfere with the administration of a decedent's estate. *See* Pls.' Mot. to Remand at 2-3. Accordingly, the plaintiffs argue that this case falls under the "probate exception" to diversity jurisdiction. *See id.* In response, the defendants do not substantially challenge the plaintiffs' argument, choosing instead to assert in a conclusory manner that this court retains its subject matter jurisdiction notwithstanding the probate exception. *See* Def. Schmidt's Notice of Challenge to Certificate of Service ("Def. Schmidt's Opp'n") at 6-7.

Under the probate exception to federal diversity jurisdiction, a federal court has no subject matter jurisdiction to hear a case that might interfere with the administration of a decedent's estate – even if the prerequisites to diversity jurisdiction are otherwise met. *See Markham v. Allen*, 326 U.S. 490, 494 (1946). The trust in this matter governs the disposition of the property of Elberta Douglass, who died in January 2010. Pls.' Mot. to Remand at 3; Compl. ¶ 16. The plaintiffs argue that because the trust governs the disposition of a decedent's estate, this case falls within the probate exception and this court lacks subject matter jurisdiction. Pls.' Mot. to Remand at 3. None of the defendants have provided this court with any argument, evidence or case law which might persuade the court to reach a contrary conclusion. *See generally* Def. Schmidt's Opp'n.

Thus, at a minimum, factual ambiguities exist between the parties regarding whether this court has subject matter jurisdiction. These ambiguities weigh in favor of remand. *Nwachukwu*, 223 F. Supp. 2d at 66. Because the plaintiffs have shown that the defendants have not met their burden of proving that subject matter jurisdiction exists, *Kokkonen*, 511 U.S. at 377, the court is obligated to remand the case to the court in which the defendants were originally sued, 28 U.S.C. § 1447(c) (instructing district courts to remand if it appears that subject matter jurisdiction is lacking).

For the foregoing reasons, the court grants the plaintiffs' motion to remand. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 14th day of September, 2011.

                                              RICARDO M. URBINA
                                              United States District Judge