UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KATRINA QUEEN et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) | Civil Action No. 10-2017 (PLF) |
| JANET SCHMIDT et al., | ) ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on defendant Janet Schmidt's Motion to Quash, Dkt. 62 and the responses of plaintiffs' counsel Robert Bunn, Dkt. 63 & 71, to the Court's September 3, 2015 order to show cause why it should not sanction him under Rule 11 of the Federal Rules of Civil Procedure.  See Dkt. 57 at 2 (Order); 58 at 11-12 (Opinion).[1]

    Ms. Schmidt's Motion to Quash the subpoena that Mr. Bunn served upon DC DMV is moot because DC DMV already undertook and completed a search for the documents that are the subject of Mr. Bunn's subpoena and a DC DMV "investigator" found "[n]o [v]ehicle [r]ecord [c]ertificate."  See Dkt. 67-1.  A completed search in response to a subpoena generally

---

[1]  The papers considered in connection with the issues pending include Mr. Bunn's Notice of Subpoena to the District of Columbia Department of Motor Vehicles ("DC DMV") [Dkt. 60]; Mr. Bunn's Notice of Subpoena to the United States Postal Service ("USPS") [Dkt. 61]; Ms. Schmidt's Motion to Quash Subpoenas Issued By Plaintiffs' Counsel [Dkt. 62]; Mr. Bunn's Response to Order Dated September 3, 2015 [Dkt. 63]; Mr. Bunn's Opposition to Janet Schmidt's Motion to Quash Subpoenas Issued by Plaintiffs' Counsel [Dkt. 65]; Mr. Bunn's Notice of Document Production Pursuant to Subpoena by DC DMV [Dkt. 67]; Mr. Bunn's Notice of Document Production Pursuant to Subpoena by USPS [Dkt. 68]; Mr. Bunn's Praecipe Demonstrating Service of the Subpoena Upon DC DMV [Dkt. 69]; Mr. Bunn's Praecipe Demonstrating Service of the Subpoena Upon USPS [Dkt. 70]; and Mr. Bunn's Supplement to Response to Order Dated September 3, 2015 [Dkt. 71].

moots a motion to quash.  See, e.g., Khouj v. Darui, 248 F.R.D. 729, 732 n.6 (D.D.C. 2008) ("[T]he opportunity to contest the previously complied-with subpoenas has passed, and the materials [the movant in the motion to quash] seeks to protect are already in the hands of respondent. Asking this Court now to re-bag the cat is asking the virtually impossible.").  Mr. Bunn suggests in his supplemental response to the order to show cause that "it is unclear whether or not the DMV searched their records during the time frame requested," see Dkt. 71 at 1, but there is no reason to believe that DC DMV ignored the timeframe of Mr. Bunn's request.  See Dkt. 67-1 (showing "9/28/15" date as the date the DMV investigator ran a search).

A motion to quash is not moot if a court retains the authority to order a party to "destroy or return any and all copies" of subpoenaed documents that "it may have in its possession."  See United States v. Binh Tang Vo, 78 F. Supp. 3d 171, 176-77 (D.D.C. 2015).  This rule is inapplicable here because DC DMV found no documents responsive to Mr. Bunn's subpoena.  Ms. Schmidt's Motion to Quash Mr. Bunn's subpoena to DC DMV therefore is moot.

Ms. Schmidt's Motion to Quash the subpoena that Mr. Bunn served upon USPS is also moot.  USPS responded to Mr. Bunn, but did not provide any documents and indicated that it would not do so unless and until Mr. Bunn complies with USPS's Touhy regulations, 39 C.F.R. § 265.12(c)(2), (3)(ii), and either obtains Ms. Schmidt's consent or a federal court order.  See Dkt. 68-1 at 1-2; see also United States ex. Rel. Touhy v. Ragen, 340 U.S. 462 (1951).  Mr. Bunn's supplemental response to the order to show cause indicates that he has asked Ms. Schmidt for her consent but she did not give it.  See Dkt. 71-1.  He also has not moved this Court pursuant to Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure for an order compelling USPS to respond to his subpoena.  See FED. R. CIV. P. 45(d)(2)(B)(i)  ("At any time, on notice to the commanded person, the serving party may move the court for the district where compliance

is required for an order compelling production or inspection."). Ms. Schmidt's Motion to Quash Mr. Bunn's subpoena to USPS therefore is moot.

Based on Mr. Bunn's responses to the order to show cause, see Dkt. 63 & 71, and his good faith attempts to procure documents from DC DMV and USPS that would corroborate the questionable evidence that was the basis for the order to show cause, the Court is satisfied that Mr. Bunn did not misrepresent evidence to the Court.

Finally, the Court reminds plaintiffs that, as explained in its Order of September 3, 2015, they have 120 days from the issuance of that Order within which to perfect service of process on defendant Ms. Schmidt.

For the foregoing reasons, it is hereby

ORDERED that Ms. Schmidt's Motion to Quash, Dkt. 62, is DENIED as moot; and it is

FURTHER ORDERED that the Court's order to show cause of September 3, 2015 is DISCHARGED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  December 18, 2015